**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **CLIFTON L. WRIGHT**<br>    **LDOC #44197**<br>**VS.**<br><br>**SHERIFF LARRY COX, ET AL.** | **CIVIL ACTION NO. 08-1555**<br><br>**SECTION P**<br>**JUDGE JAMES**<br>**MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Clifton L. Wright, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 15, 2008. When he filed this suit plaintiff was an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC); he was incarcerated at the Madison Parish Detention Center (MPDC), Tallulah, Louisiana, and was participating in a work-release program. Plaintiff was subsequently released from the physical custody of the LDOC, and he now resides in Thibodeaux, Louisiana. Plaintiff claims that the defendants (MPDC, Warden Jimmy Shivers, Sheriff Larry Cox, Edwin Moberly (elsewhere spelled Ellerbee), Captain Jenkins, Sam Hill, the Days Inn Motel, the LDOC's Department of Adult Services, Lieutenant Brooks, Johnny Creed, and Rhonda Gravers) failed to pay him all of the wages he earned while participating in the MPDC work-release program. He prays for compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

In the late summer of 2007, plaintiff, an LDOC inmate, was allowed to participate in a work-release program administered by the Sheriff of Madison Parish.[1] In October 2007 plaintiff performed work at the Days Inn Motel for an agreed upon rate of $5.35 / hour. Plaintiff is not sure how many hours he worked; however, he maintains that the person who employed him did not pay him anything. Later in the same month, plaintiff worked at a pecan orchard in Tallulah owned by Sam Hill; according to plaintiff, Hill also did not pay as agreed.

Finally, in November 2007, plaintiff was employed by Edwin Moberly (elsewhere spelled Ellerbee), an Assistant District Attorney in Madison Parish, to remodel his house at a rate of $7.00 / hour. Plaintiff worked a total of 63 hours between November 10 – 20, 2007. He was then transferred to another work-release facility in Pointe Coupee Parish. He claims that Moberly agreed to pay him by check and assured him that he would bring a check to the MPDC; however, he apparently did not do so.

Plaintiff returned to MPDC approximately 8 months later and inquired about these wages; according to plaintiff his inquiry was ignored.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state

---

[1] Parish sheriffs are authorized to establish and administer work release programs for inmates of any jail or prison under their jurisdiction. See La. R.S.15:711; the LDOC is likewise authorized to establish and administer such programs for inmates of any institution under the department's jurisdiction.

2

a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

3

*(Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's complaint sets forth his claim and the basis for his cause of action. He need not be permitted further amendment because his claim is manifestly frivolous.

## 2. Constitutional Violation

Plaintiff has invoked the jurisdiction of this court pursuant to 42 U.S.C. §1983. In order to hold any of the defendants liable under §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985). The defendants Moberly, Hill, and Days Inn Hotel, appear not to be "state actors." Furthermore, the remaining defendants – MPDC, Warden Jimmy Shivers, Sheriff Larry Cox, Captain Jenkins, the LDOC's Department of Adult Services, Lieutenant Brooks, Johnny Creed, and Rhonda Gravers – while arguably "state actors," have not been shown to have violated a right guaranteed to the plaintiff by the Constitution or laws of the United States.

4

Plaintiff maintains that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the defendants' deliberate indifference. [rec. doc. 1, p. 3, ¶IV] However, he offers no factual support for such a claim. To the contrary, read liberally, the allegations of plaintiff's complaint imply a due process claim; in other words, plaintiff's complaint implies that he was deprived of property – work-release wages – without Due Process in violation of the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for the random deprivation of personal property is not cognizable under §1983.

In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels v. Williams,* 474 U.S. 327, 325, 106 S.Ct. 662 at 667, 88 L.Ed.2d 662 (1986).

Even in instances where intentional deprivation occurs, as is apparently alleged herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v.*

5

*Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State[2]).

---

[2] Plaintiff does not suggest that he was deprived of his wages as a result of predictable conduct authorized by the State of Louisiana. Plaintiff implies that he was entitled to receive the full amount of all wages earned while on work-release. In fact plaintiff does not even mention the Louisiana statutes which authorize work-release programs. Contrary to plaintiff's implied assertion that he was entitled to be paid the full amount of wages earned, both La. R.S.15:711 and 15:1111make provision for the deduction of certain expenses.

R.S.15:1111(D) , (E) and (F) provide:

D. Every inmate with work release privileges shall be liable for the cost of his room, board, clothing and other necessary expenses incident to his employment or placement unless other means of payment are approved by the department.

E. The wages of any inmate so employed shall be collected by the director of institutions or by his designated agent, and the director shall deposit the same in a public banking institution and keep a ledger showing the financial status of each inmate on the program.

F. The wages of any such inmate shall be disbursed by the department for the following purposes and in the order stated:

(1) The board of the inmate including food and clothing;

(2) Necessary travel expense to and from work and other incidental expenses of the inmate;

(3) Support of the inmate's dependents, if any;

(4) Payment, either in full or ratably of the inmate's obligations acknowledged by him in writing, or which have been reduced to judgment;

(5) The balance if any, to the inmate upon his discharge.

Likewise, R.S.15:711(C), (D), and (E) provide:

C. Every inmate with work release privileges shall be liable for the cost of his room, board, clothing and other necessary expenses incident to his employment or placement.

D. The wages of any inmate so employed shall be collected by the sheriff or by his designated agent, and the sheriff shall deposit the same in a public banking institution and keep a ledger showing the financial status of each inmate

In this case, plaintiff's allegations, accepted as true for purposes of this Report, demonstrate that a random and unauthorized deprivation occurred when plaintiff's wages were withheld. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See, La. Civil Code, art. 2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Since plaintiff has not demonstrated that the defendants violated his constitutional rights, his claim is not a cognizable

---

on the program.

E. The wages of any such inmate shall be disbursed by the sheriff for the following purposes and in the order stated:

(1) The board of the inmate including food, clothing, medical, and dental expenses;

(2) Necessary travel expense to and from work and other incidental expenses of the inmate;

(3) Support of the inmate's dependents, if any;

(4) Payment, either in full or ratably of the inmate's obligations acknowledged by him in writing, or which have been reduced to judgment;

(5) The balance if any, to the inmate upon his discharge.

Plaintiff has not alleged whether any or all of the wages earned were disbursed in accordance with the above cited statutes. Nevertheless, to the extent that he might now claim that the statutes are unconstitutional or otherwise in violation of federal law, such a claim would be without merit. See *Reimoneng v. Foti*, 72 F.3d 472 (5th Cir. 1996)

claim under §1983.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 22nd day of December, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE